IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JAQUES STEWART POTTER,

        Plaintiff,                Civil No. 10-929-CL

        v.                            REPORT AND
                                        RECOMMENDATION
THE HONORABLE THOMAS
HART, et al.,

        Defendants.

CLARKE, Magistrate Judge.

      Plaintiff's Application to proceed in forma pauperis (#1) is allowed, subject to further review by the court.[1] However,

---

[1] Because I am recommending dismissal of the complaint with prejudice and in view of plaintiff's allegation that he is scheduled for release on December 18, 2010, and in view of plaintiff's other pending case [Civ. No. 09-6280-CL] for which a filing fee was imposed, it seems superfluous to impose a filing fee in this case. However, if this case is not dismissed with prejudice and proceeds by way of an amended complaint, appeal or

1 - REPORT AND RECOMMENDATION

for the reasons set forth below, plaintiff's complaint should be dismissed without service of process and this action should be dismissed.

Plaintiff filed this action "trying to establish Stipulated Parenting Time with his son." Complaint (#2) p. 1. Plaintiff alleges that defendant Hart, a Marion County Circuit Court Judge, interfered with his "fundamental liberty interest" and "due process rights under the Fourteenth Amendment" by his rulings in state child custody and/or parental rights proceedings. Id.

Plaintiff alleges that this court "has jurisdiction to decide which state has jurisdiction in child custody dispute under 28 USCA 1738A." However, that section has to do with "full faith and credit" to be given to state statutes and judicial proceedings and does not constitute a proper jurisdictional basis for plaintiff's claims.

Plaintiff's allegation that a "state's interference with (that)... liberty interest without due process of law is remediable under 42 U.S.C. 42 U.S.C. section 1983," Complaint (#2), p. 6, suggests that he is seeking to proceed under that section. However, plaintiff's citation to Lee v. City of Los Angeles, 250 F.23d 668, 685 (9th Cir. 2001) is unavailing.

---

otherwise, the court reserves the discretion to impose a filing fee to be collected from plaintiff's inmate trust account pursuant to the protocols established by the court.

2 - REPORT AND RECOMMENDATION

That case is distinguishable on the law and facts, from the circumstances alleged in plaintiff's complaint in this case.

Assuming that this court has jurisdiction to adjudicate plaintiff's claim, it should abstain and decline to exercise such jurisdiction for the reasons set forth below.

Domestic relations, family law, divorce and child custody are traditionally matters governed by state law. Plaintiff's Complaint alleges matters having to do with State of Oregon judicial proceedings and essentially seeks to appeal those proceedings in this court. Plaintiff's "Motion for Emergency Relief" seeks to "stay" a state court judgment.

There is a strong and widely recognized policy against federal court intervention in state judicial processes. <u>Moore v. Sims</u>, 442 U.S. 414 (1979), and federal courts must abstain from exercising jurisdiction in cases where there are pending state court proceedings. <u>Younger v. Harris</u>, 401 U.S. 37 (1971). In <u>Younger</u>, the court held that absent extraordinary circumstances, equity concerns and principles of comity require federal courts to refrain from enjoining state criminal prosecutions. <u>Younger</u>, 401 U.S. at 43-44. The <u>Younger</u> holding applies to civil proceedings and is not limited to a request to enjoin the state proceeding. <u>See</u>, <u>Kitchens v. Bowen</u>, 825 F.2s 1337, 131 (9th Cir. 1987), *cert. den.*, 108 S.Ct. 1988).

3 - REPORT AND RECOMMENDATION

Abstention is required when (1) there are pending state proceedings; (2) that involve important state interests; and (3) in which the plaintiff can obtain a decision on the federal issue. <u>Kitchens</u>, 825 F.2d at 1341.

These conditions are satisfied in the present case. Plaintiff alleges an ongoing state proceedings involving family law matters which involve "important state interests." Plaintiff can obtain, and quite possibly *has* obtained, a ruling on his federal constitutional claim in the context of those proceedings. This court is not an appellate court for state court judgments.

Based on the foregoing, I find that even if plaintiff can establish a federal jurisdictional basis for his claim that this court should abstain from exercising federal jurisdiction. The proper forum for the resolution of plaintiff's claim is the state courts of Oregon and/or Utah.

Plaintiff's Motion for Appointment of Counsel (#3) and "Motion for Emergency Relief (Stay of Previous Judgment)" (#4) should be denied as moot.

This action should be dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district

4 - REPORT AND RECOMMENDATION

court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 26 day of August 2010.

_____
Mark D. Clarke
United States Magistrate Judge

5 - REPORT AND RECOMMENDATION