IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JACQUES STEWART POTTER, SR.,

    Plaintiff,

v.

HON. THOMAS M. HART, et al.,

    Defendants.

Civ. No. 10-929-CL

**ORDER**

**PANNER, District Judge:**

    Magistrate Judge Mark D. Clarke filed a Report and Recommendation, and the matter is now before this court. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). When either party objects to any portion of a Magistrate Judge's Findings and Recommendation, this court must make a de novo determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1)(C); McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F. 2d 1309, 1313 (9th Cir. 1981).

    Here, plaintiff objects to the Report and Recommendation. I have, therefore, reviewed this matter de novo.

1 - ORDER

# DISCUSSION

## I. Plaintiff's Allegations

I assume the allegations in the complaint are true. In 1998, plaintiff was incarcerated in Oregon, with a release date in December 2010. In 1999, plaintiff was divorced in Oregon. Plaintiff's ex-wife lives in Utah with plaintiff's son, who is now 12 years old.

In October 2007, a Utah state court judge ruled that the Oregon court which issued plaintiff's divorce decree had jurisdiction to hear plaintiff's request for parental rights.

In April 2009, Marion County Circuit Court Judge Thomas Hart ruled that Utah courts had jurisdiction to determine plaintiff's right to visit or communicate with his son. Plaintiff did not have an opportunity to brief or argue the jurisdictional issue before the ruling was issued.

Plaintiff appealed Judge Hart's ruling. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied plaintiff's petition for review. In re Marriage of Potter, 233 Or. App. 227, 224 P.3d 708 (2009) (table), review denied, 348 Or. 280, 230 P.3d 933 (2010).

In his complaint here, plaintiff claims that his ex-wife and Judge Hart violated his substantive due process right to maintain a relationship with his son.

## II. Legal Standards: Failure to State a Claim

In determining whether a complaint fails to state a claim,

2 - ORDER

the court takes allegations of material fact as true and construes them in the light most favorable to the nonmoving party. See Mishler v. Clift, 191 F.3d 998, 1002 (9th Cir. 1999). The court should construe the pleadings of a pro se litigant more leniently those drafted by a lawyer. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court should draw reasonable factual inferences in a pro se plaintiff's favor. McKinney v. De Bord, 507 F.2d 501, 504 (9th Cir. 1974). A pro se litigant should be given leave to amend the complaint unless it is clear that no amendment could cure the deficiencies of the complaint. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).

**III. Plaintiff's Complaint Fails to State a Claim**

    **A. Section 1738A Is Not a Basis for Jurisdiction**

Plaintiff claims that the Oregon state court's ruling on jurisdiction improperly conflicted with a previous ruling by a Utah state court. Plaintiff relies on the Parental Kidnapping Prevention Act, which requires that state courts give full faith and credit to custody determinations of other states. See 28 U.S.C. § 1738A(a). Section 1738A does not, however, create a private right of action in federal court or provide a basis for federal jurisdiction. See Thompson v. Thompson, 484 U.S. 174, 187 (1988).

    **B. Judge Hart Is Entitled to Absolute Judicial Immunity**

Plaintiff claims that Judge Hart interfered with plaintiff's parental rights through the jurisdictional ruling, violating

3 - ORDER

plaintiff's substantive due process rights.  A judge is absolutely immune from claims based on judicial acts, losing immunity only if he acts completely without jurisdiction or outside his judicial capacity.  Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc).  Here, plaintiff's claim against Judge Hart relates to his legal rulings, and plaintiff has not alleged that Judge Hart acted in the absence of jurisdiction.  No amendment could rescue this claim, so I dismiss the claim against Judge Hart with prejudice.

**C.  Plaintiff's Ex-Wife Is Not a State Actor**

Plaintiff also brings civil rights claims under 42 U.S.C. § 1983 against his ex-wife, Blythe Christine Stewart.  To state a claim under 42 U.S.C. § 1983, a plaintiff must show that the defendant, while acting under color of state law, deprived the plaintiff of a federal constitutional or statutory right.  Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).  A private person may act "under color of state law" through joint action with a state official.  Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 2002).

Plaintiff does not allege that Stewart acted under color of state law by conspiring with a state official.  In any event, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."  Dennis v. Sparks, 449 U.S. 24, 28 (1980).  Allowing plaintiff to amend his complaint would be futile.  I need

not address whether abstention is appropriate.

**CONCLUSION**

The Report and Recommendation (#6) is adopted. This action is dismissed with prejudice.

IT IS SO ORDERED.

DATED this ___ day of October, 2010.

/s/ Owen M. Panner

OWEN M. PANNER
U.S. DISTRICT JUDGE